IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SHERRI H.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:17-cv-00490 |
| | ) | |
| ANDREW SAUL, Commissioner, Social | ) | By: Elizabeth K. Dillon |
| Security Administration,[2] | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Sherri H. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, finding her not disabled and therefore denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under the Social Security Act. Both parties moved for summary judgment, and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On February 1, 2019, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 21.) Sherri filed a timely objection on February 15, 2019. (Pl. Obj., Dkt. No. 22.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

[2] On June 17, 2019, Andrew Saul was sworn in as the new Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the proper defendant.

1

recommendation. Accordingly, the court will grant the Commissioner's motion for summary judgment, deny Sherri's motion for summary judgment, and affirm the Commissioner's decision.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–6.)

II. DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

2

For an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)). Because "[t]he purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

**B. Sherri H.'s Objections**

In her brief to the magistrate judge in support of summary judgment, Sherri argued that the ALJ failed to: (1) address her moderate limitations in concentration, persistence, or pace or moderate limitations in social functioning in assessing her residual functional capacity (RFC) to provide a proper hypothetical to the vocational expert; (2) consider her impairments on a function-by-function basis to determine how they affect her ability to work; and (3) provide sufficient reasons for rejecting the plaintiff's allegations regarding her subjective complaints.

3

(Mot. Summ. J. 23–39, Dkt. No. 15.) Sherri's objections to the magistrate judge's recommendation largely reiterate those arguments. (*See, e.g.*, Pl. Obj. 1–2 ("The Report and Recommendation erred in concluding the ALJ's discussion of plaintiff's mental limitations satisfies the requirements of SSR 96-8p. . . . The ALJ does not explain how these limitations noted by the state agency physicians are addressed in the ALJ's RFC findings."); *id.* at 7 ("[T]he Report and Recommendation erred in concluding the ALJ's RFC findings are sufficient under SSR 96-8p."); *id.* at 9 ("[T]he Report and Recommendation erred in concluding the ALJ supported his analysis of plaintiff's subjective complaints with substantial evidence . . . .").) Sherri's objections are mostly a condensed version of her summary judgment brief, and the court will not address arguments that were thoroughly explored by the magistrate judge. Moreover, even if the court were to consider the objections de novo, it would conclude that the magistrate judge's reasoning is correct and the ALJ's determination is supported by substantial evidence.

1. **RFC mental limitations**

In her first objection, Sherri argues that the ALJ did not adequately address her mental limitations in the RFC findings.[3] She further argues that the R&R failed to address Sherri's argument that "the ALJ failed to build a logical bridge between the evidence and his ultimate RFC findings." (*Id.* at 1–3.) In particular, Sherri points to the ALJ's finding that she can engage in work as a "marker, clothing bagger, and routing clerk" despite also finding that "plaintiff is able to respond appropriately to the public and co-workers no more than one-third of the work

---

[3] In so objecting, Sherri takes exception to the R&R's finding that her case is analogous to *Sizemore v. Berryhill*, 878 F.3d 72 (4th Cir. 2017). Specifically, she argues that, unlike in *Sizemore*, "the state agency physicians did not state that despite plaintiff's moderate limitations in concentration, persistence or pace she would nonetheless be able to stay on task while performing, simple, unskilled work." (Pl. Obj. 4.) In fact, the R&R quotes the state agency psychologist's finding that "Sherry could perform simple work, follow familiar and routine procedures, recall short and simple instruction and 'maintain concentration and attention for two hour periods in order to complete and [sic] eight hour day.'" (R&R 12 (citing R. 234–35).) Thus, like in *Sizemore*, the state agency psychologist expressly found that Sherri could remain on task while performing the suggested work.

4

day." (*Id.* at 3.) She reasons that the ALJ's finding resulted in deficient hypothetical questions posed to the vocational expert in her case, as they do not account for her ability to sustain work over the course of an eight-hour day. *See Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) (requiring an ALJ to discuss not only a plaintiff's "ability to perform simple tasks," but also her "ability to stay on task").

To the contrary, the R&R noted that the ALJ acknowledged Sherri's testimony, mental health treatment, and mental limitations, but gave "significant weight" to the state agency psychologist's finding that she "would be able to maintain concentration and attention for two-hour periods in order to complete an eight-hour workday." (R&R 8–9.) Specifically, the ALJ considered that Sherri's treatment records "document consistent complaints of pain and fatigue, but often showed mild findings on objective examination." (R. 123, Dkt. No. 8.) He further noted that although Sherri could be "easily distracted and misled by others," she could still find employment "in a setting with only a few coworkers in a well-spaced location." (*Id.* at 122.) The R&R also recognized the ALJ's finding that Sherri largely controlled her conditions without medications and, in fact, had previously declined medications, choosing instead to control her conditions using coping skills and marijuana. (R&R 8–9.)

The ALJ engaged in a significant discussion and analysis of Sherri's medical records and testimony and settled on the well-supported finding that Sherri can only occasionally respond to and interact with coworkers, supervisors, and the public, but can maintain concentration for the time needed to complete an eight-hour workday.[4] (R. 105–23.) Moreover, the questions posed

---

[4] Sherri argues that the R&R failed to consider contrary evidence in her medical records. (Pl. Obj. 5 ("The Report and Recommendation does not acknowledge that these same records also document a labile affect; compulsive behavior; distractibility; poor concentration; fair impulse control; and, loose flight of ideas/rambling." (citations omitted)).) As the magistrate judge correctly pointed out, "[i]t is for the ALJ to determine the facts of a particular case and to resolve inconsistencies between a claimant's alleged impairments and his ability to do work." (R&R 18 (citing *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996)).) Accordingly, the magistrate judge did not err

5

to the vocational expert expressly noted these limitations, resulting in a proper and accurate hypothetical. (*Id.* at 190.) Accordingly, the ALJ satisfied both prongs of *Mascio*'s analysis for limitations in concentration, persistence, and pace.

### 2. Function-by-function analysis

In her second objection, Sherri argues that the ALJ "failed to make specific findings whether [her] impairments would cause her to experience episodes of fatigue necessitating breaks or absences from work, or changes in work posture and how often these would occur." (Pl. Obj. 7.) She suggests that because the ALJ did not perform a function-by-function analysis of whether she could perform in accordance with each limitation in her RFC, the R&R erred in concluding the ALJ's findings were sufficient. She again argues that the ALJ failed to build a logical bridge to explain how he reached his findings. (*Id.* at 6–7.)

As the magistrate judge noted, the Fourth Circuit rejected "a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis." *Mascio*, 780 F.3d at 636. Rather, "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)) (alteration in original).

The magistrate judge reviewed the ALJ's decision and found that it "includes the narrative discussion required by SSR 96-8p, and contains sufficient information to allow meaningful review." (R&R 14.) The court agrees. Although contradictory evidence exists, the

---

by refusing to reweigh the evidence presented to the ALJ. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." (alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996))).

ALJ provided enough discussion that the court is not "left to guess about how the ALJ arrived at his conclusions." *Mascio*, 780 F.3d at 637. The ALJ included a thorough recitation of Sherri's testimony and medical history, records, and opinions, and supported his findings with a detailed narrative citing to the evidence and bridging the logical gap between the raw evidence and his ultimate determination. (R. 121–23.)

### 3. Sherri's subjective complaints

In her third objection, Sherri disputes the R&R's conclusion that her case is distinguishable from *Brown v. Comm'r of Soc. Sec. Admin.*, 873 F.3d 251 (4th Cir. 2017), and argues that the ALJ failed to give proper weight to her subjective complaints by not acknowledging the extent to which she engaged in her daily activities of living. As an example, Sherri notes that the ALJ did not address the additional evidence in the record indicating that when she engaged in physical activities around her home, she experienced shortness of breath, or that her conditions prevented her from gardening after July 2013.[5] She further asserts that the R&R failed to address evidence that her doctors refused to prescribe her medications because of her history of substance abuse, and not because she declined medication. (Pl. Obj. 7–9.)

In *Brown*, the Fourth Circuit found that the ALJ did not provide sufficient explanation as to how the plaintiff's daily activities showed "that he could persist through an eight-hour workday" where the ALJ did not appear to consider conflicting evidence or medical records. *Brown*, 873 F.3d at 263. Sherri asserts that the ALJ here made the same mistake in his analysis.

---

[5] Sherri also argues that "[t]he ALJ mischaracterizes plaintiff creating a little space in her yard where she could meditate as plaintiff 'clearing land'" and that the R&R "insinuates this . . . spot was a significant project in the woods." (Pl. Obj. 8.) However, she continues to say "the actual note states that plaintiff stated she 'has been clearing off land and has build a spot that she is able to use for meditation.'" (*Id.*) The distinctions Sherri identifies between the record and the ALJ's and magistrate judge's purported misinterpretations are as clear as mud. Neither the ALJ nor the magistrate judge insinuated that "clearing land" was a significant feat. In fact, both used the same phrasing as the record to which Sherri cites. (*Compare* R&R 17, *and* R. 118, *with* R. 948.)

7

However, as the magistrate judge pointed out, the ALJ expressly identified evidence that conflicted with Sherri's testimony. The R&R specifically states that "Sherri's allegations were inconsistent with her medical records, including mild findings on objective examination." (R&R 18.)

Moreover, the ALJ did consider the extent to which Sherri engaged in her reported activities. For example, he expressly discussed Sherri's testimony and records indicating that, despite her statement that she stopped gardening in 2013, she engaged in gardening and yard work as late as 2016. (R. 104, 120.) Similarly, the ALJ addressed Sherri's shortness of breath when discussing the limitation in her RFC to "occasional exposure to dust, odors, fumes, pulmonary irritants, and the cold" based on her asthma, allergies, possible COPD, and mild emphysema. (*Id.* at 121.) And, although Sherri correctly notes that some of her providers would not prescribe her certain medications because of her prior drug use, the ALJ also considered the numerous indications in the record that Sherri took her medication only as needed, that she preferred using coping skills to medication, and that she often self-medicated with marijuana. (*Id.* at 116–20.)

Sherri's objection effectively asks the court to reconsider and reweigh the evidence. As the magistrate judge noted in his R&R, the task of weighing the evidence and resolving inconsistencies falls on the ALJ. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Rather, the court reviews the ALJ's decision to determine whether substantial evidence exists to support the ALJ's conclusion. *Coffman*, 829 F.2d at 517. It need not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (alteration in original). The court finds that the ALJ's decision is supported by substantial evidence.

## III. CONCLUSION

After a review of the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, the court will overrule Sherri's objections and adopt the magistrate judge's recommendation. The court will therefore grant the commissioner's motion for summary judgment, deny Sherri's motion for summary judgment, and affirm the commissioner's decision.

An appropriate order will be entered.

Entered: August 30, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge